IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DANIEL AUSTIN CHANEY                                           PLAINTIFF

v.                         Civil No. 4:19-cv-04050

SOUTHERN HEALTH CARE
OF ARKANSAS, INC. and
STEPHEN KING, Head Nurse                                      DEFENDANTS

**ORDER**

Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case. Plaintiff, Daniel Austin Chaney, files this lawsuit pursuant to 42 U.S.C. § 1983 and is proceeding *pro se*. On May 14, 2019, Plaintiff filed his Complaint and Application to Proceed *In Forma Pauperis* (IFP). (ECF Nos. 1, 2).

On May 14, 2019, this Court entered an Order granting Plaintiff's motion for IFP and directing Plaintiff to submit an amended complaint.[1] (ECF No. 3). Although Plaintiff filed an Amended Complaint on May 24, 2019 (ECF No. 6),[2] the Court ordered Plaintiff to submit a Second Amended Complaint by June 14, 2019. (ECF No. 7). Plaintiff was advised that "[t]his case shall be subject to dismissal if Plaintiff fails to return the Second Amended Complaint by the

---

[1] Plaintiff's original Complaint failed to describe the conduct of the named Defendants. Instead, Plaintiff attached a list of grievances he had filed against the Defendants while he was in custody. The Court directed Plaintiff to file an Amended Complaint describing "the actions of each Defendant and how his actions violated the Plaintiff's federal constitutional rights." (ECF No. 3, p. 1).

[2] Plaintiff's Amended Complaint added a Defendant and attached a list of handwritten grievances that Plaintiff had allegedly filed. The Court again directed Plaintiff to file a Second Amended Complaint naming "each Defendant on the form complaint and [describing] on the form how each individual Defendant has violated [Plaintiff's] rights." (ECF No. 7, p. 1). The Court explained that it "is not the Court's responsibility to sift through attachments and try to determine what Plaintiff is alleging" against each Defendant. (ECF No. 7, p. 1).

Court's imposed deadline of June 14, 2019." (*Id*.). Plaintiff has failed to submit a second amended complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with a Court Order directing him to file a second amended complaint. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), the Court finds that Plaintiff's complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 10th day of July, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge